IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. _____ |
| DAKOTA ENTERPRISES, INC. and ) | |
| BROOKWOOD SQUARE LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, DAKOTA HOLT, by and through the undersigned counsel, and files this, his Complaint against Defendants DAKOTA ENTERPRISES, INC. and BROOKWOOD SQUARE LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows the Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as to Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff DAKOTA HOLT (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Kennesaw, Georgia (Cobb County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant Dakota Enterprises, Inc. (hereinafter "DEI") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

7. DEI operates a business located at 3999 Austell Road, Suite 1004, Austell, Georgia 30106, doing business as "Subway #28731-0."

8. DEI may be properly served with process via its registered agent for service, to wit: Loretta P. Kaufman, 5067 Old Mountain Trail, Powder Springs, Georgia 30127.

9. DEI is the lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action. (The structure in which DEI

operates its business and that is situated upon said real property is referenced herein as the "Subway Facility." The contiguous structures and improvements that comprise the shopping center that is also situated upon said parcel of real property shall be referenced as the "Shopping Center Facility," and together, the Subway Facility and the Shopping Center Facility shall be referenced as the "Facilities.")

10. Defendant Brookwood Square LLC (hereinafter "Brookwood") is a Delaware limited liability company that transacts business in the state of Georgia and within this judicial district.

11. Brookwood is the owner or co-owner of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

12. Brookwood may be properly served with process via its registered agent for service, to wit: Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092.

## FACTUAL ALLEGATIONS

13. On or about September 27, 2018, Plaintiff was a customer at Subway #28731-0.

14. Plaintiff lives in the near vicinity of the Facilities and Property.

15. Plaintiff's access to the businesses located at 3999 Austell Road, Suite

1004, Austell, Georgia 30106, Cobb County Property Appraiser's parcel number 19092100040, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

16. Plaintiff travelled to the Facilities and Property as a customer, encountered the barriers to access at the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

17. Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

19. The ADA provided places of public accommodation one and a half

4

years from its enactment to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Facilities are each a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. The Facilities must be, but are not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the

Facilities and the Property in his capacity as a customer of the Facilities and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Facilities and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities

and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) Accessible parking spaces are not properly located and/or distributed on the Property, in violation of section 208.3 of the 2010 ADAAG standards.

(ii) In the alternative to (i) above, the total number of accessible parking spaces on the portion of Property upon which the Subway Facility is situated is inadequate, in violation of section 208.2 of the 2010

ADAAG standards.

(iii) The access aisle adjacent to the accessible parking space on the Property most proximate to the Subway Facility has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(iv) The access aisle adjacent to the accessible parking space on the Property most proximate to the Subway Facility is also not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(v) The accessible parking space on the Property most proximate the Subway Facility is also not level due to the presence of a portion of the above-described ramp within the boundaries of said accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards.

(vi) There is an excessive vertical rise at the base of the above-described accessible ramp on the Property most proximate the Subway Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(vii)   The above-described ramp on the Property most proximate the Subway Facility also has side flares with a slope in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(viii)  There are an excessive vertical rises at the base and landing of the above-described accessible ramp on the Property most proximate the Subway Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(ix)    The accessible parking space on the Property most proximate the Subway Facility has signage that states that said space is van accessible, but it is not a van accessible space. Thus, the Property lacks a van accessible disabled parking space, in violation of section 208.2.4 of the 2010 ADAAG standards.

(x)     The accessible route on the Property between Suites 701 and 601 of the Shopping Center Facility has a rise greater than 6 (six) inches, but does not have handrails on both sides of such incline that comply with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards. Specifically, there are only handrails on one side of

said route.

(xi) The accessible route on the Property between Suites 601 and 501 of the Shopping Center Facility has a rise greater than 6 (six) inches, but does not have handrails on either side of said incline that comply with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

**(b)   RESTROOMS:**

(i) The door to the restrooms of the Subway Facility lacks permissible minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(ii) The Subway Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii) The height of the coat hooks located in the accessible restrooms of the Subway Facility are above 48 (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

(iv) The accessible toilet stalls in the restrooms of the Subway Facility have grab bars adjacent to the commodes therein that

        are not in compliance with section 604.5 of the 2010 ADAAG standards. Specifically, the rear bar is too short.

(v)    The hand operated flush controls on the commodes in the restrooms of the Subway Facility are not located on the open side of the accessible stalls, in violation of section 604.6 of the 2010 ADAAG standards.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.    All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36.    Upon information and good faith belief, the removal of the physical

barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Facility and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Dakota Enterprises, Inc. in violation of the ADA and ADAAG;

(b) That the Court find Brookwood Square LLC in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of

the circumstances.

Dated: November 12, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich